| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:03-CR-19
§
TODD W. ALTSCHUL §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Todd W. Altschul's ("Altschul") *pro se* Motion for Leave to File Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(c) for extraordinary and compelling reasons (#85).

Altschul was recently sanctioned in this case and barred from filing any additional motions, pleadings, affidavits, documents, exhibits, or new cases that relate to any alleged clerical errors in the final judgment in this matter (#81). In that order, it was noted that Altschul is a serial litigant, having filed hundreds of cases and motions despite having been warned and/or sanctioned in other cases. *See, e.g.*, *In re Altschul*, No. 20-90049 (5th Cir. Apr. 2, 2021) (noting history, standing bar, and imposing an additional $100.00 sanction); *In re Altschul*, No. 19-90040 (5th Cir. July 2, 2020) (motion to proceed as sanctioned litigant denied and warned of progressively more severe sanctions); *United States v. Altschul*, No. 08-40333 (5th Cir. Sept. 18, 2008) (noting 1997 sanction and denying permission to proceed as a sanctioned litigant); *United States v. Altschul*, No. 06-41303 (5th Cir. Oct. 23, 2006) (sanctioned for filing frivolous filings and warned of further sanctions); *In re Altschul*, No. 06-41081 (5th Cir. Aug. 25, 2006) (warned of sanctions); *In re Altschul*, No. 97-00287 (5th Cir. July 2, 1997) (noting Altschul submitted fraudulent documents to the United States Court of Appeals for the Fifth Circuit); *United States v. Altschul*, 1:02-CR-137 (E. D. Tex. October 18, 2007) (sanctioned and barred from filing a request without

leave and accompanied filing fee); *Altschul v. United States*, Civil Action No. 1:00-CV-191-C (N.D. Tex. Aug. 22, 2001) (sanctioned $1,000.00 and barred from filing any motions, pleadings, affidavits, documents, exhibits, or new cases).  It is under this backdrop that the court considers Altschul's present motion.

An independent review of the website for the Texas Department of Criminal Justice reveals that Altschul is currently serving terms of imprisonment for cumulative state offenses with a maximum sentence and release date of January 3, 2029, all related to 1991 and 1992 convictions for retaliation (#12,961), deadly weapon in a penal institution (#23557), theft over $750.00 (#91-281-C), deadly weapon in a penal institution (#26673), and aggravated assaulted (#26672).[1]  In the present case, Altschul was convicted by a jury of Assaulting, Resisting, Impeding a Federal Officer in violation of 18 U.S.C. § 111(a)(1) on September 15, 2003 (#54).  Altschul was sentenced on January 26, 2004, to 120 months of imprisonment to run consecutively with terms of imprisonment imposed in state criminal action numbers 91-281, 23,557, 26-672, 26,673, and federal action numbers 1:93-CR-45, 1:95-CR-19, and 1:03-CR137.  At the time the present offense was committed, Altschul was serving terms of imprisonment for the state court convictions outlined above and is still serving those sentences today.  No portion of the current federal sentence was ordered to run concurrently with any of the other relevant state or federal court convictions.  Representatives of United States Probation and the Designation and Sentence Computation Center confirm that Altschul has yet to serve any portion of his federal sentences, including his sentence in this case, and that he is under the primary jurisdiction of the Texas

---

[1] https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04355116.

Department of Criminal Justice. Upon satisfaction of his state sentences, Altschul will then commence serving his federal sentences which will operate consecutively.

As a result, the present *pro se* Motion for Leave to File Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(c) for extraordinary and compelling reasons (#85) as it relates to this federal conviction should be denied because any request for compassionate release is premature. *See, e.g., United States v. Fower*, 30 F.4th 823 (9th Cir. 2022) ("We affirm and hold, as a matter of first impression in the Ninth Circuit, that compassionate relief is not available to defendants prior to incarceration."); *United States v. Verasawmi*, No. 17-254, 2021 WL 2549303 at *5 (D.N.J. June 22, 2021) ("the defendant must begin serving her sentence before moving the Court for a reduction in her term of imprisonment."); *United States v. Nascimento*, No. 5:21-02-KKC, 2021 WL 2002437, at *1 (E.D. Ky. May 19, 2021) ("By requiring that a defendant first approach the warden at his institution to seek compassionate release, the statute, by its plain text, contemplates that a defendant who seeks compassionate release already will be in the custody of the BOP.") (quoting *United States v. Staggs*, No. 3:18-CR-375-SI, 2020 WL 7625229, at *3 (D. Or. Dec. 22, 2020)); *United States v. Konny*, 463 F.3d 402 (S.D.N.Y. 2020).[2] In this court's opinion, the plain language of § 3582(c)(1)(A) contemplates that an eligible defendant will be in custody: "the court, upon

---

[2] *But see United States v. Hambrock*, Crim. No. 20-26, 2021 WL 775399, at *2, *5 (E.D. Va. Feb. 19, 2021) (concluding "[n]othing in the plain language of the statute requires the defendant to be in custody presently or to have served any portion of his sentence" and granting motion to defendant who had not yet begun serving his sentence); *United States v. Hussain*, 2020 WL 5910065, at *3 (N.D. Cal. Oct. 6, 2020) (holding that the statute "does not expressly require a defendant to exhaust [his administrative] rights while in custody," and "[n]or does the statute imply that the defendant must be in custody" to do so); *United States v. Austin*, 468 F. Supp. 3d 641, 643-44, 646 (S.D.N.Y. June 22, 2020) (granting compassionate release to defendant who was out on bail and not in BOP custody after serving eleven years of his fifteen-year sentence, which the Second Circuit reinstated after the district court had reversed his sentence and released him from custody).

motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by **the warden of the defendant's facility**. . . ." Here, while Altschul claims he exhausted his administrative remedies on May 24, 2024, while he was "in custody" at the Federal Detention Center in Houston, Texas, court records reveal Altschul was there only temporarily on a writ of habeas corpus *ad prosequendum* granted on February 28, 2024, for arraignment in Criminal Action No. 6:24-CR-16 (#s 4 & 7).[3] On the present record, there is no basis for this court to consider Altschul's motion for compassionate release. Thus, after careful consideration of the record in this case and after consultation with Probation and the Designation and Sentence Computation Center, the court concludes that it is without authority to grant the motion for leave. It is, therefore,

ORDERED that Altschul's *pro se* Motion for Leave to File Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(c) for extraordinary and compelling reasons (#85) is DENIED. It is, further,

ORDERED that the Clerk of Court STRIKE Altschul's *pro se* Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(c) (#86) and *pro*

---

[3] The petition notes that Altschul "is incarcerated in the Texas Department of Criminal Justice, Coffield Unit, in Tennessee Colony, Texas." *Id*. While on the writ of habeas corpus *ad prosequendum*, Altschul was sent to the Federal Detention Center in Houston for a psychiatric assessment of his competency to stand trial in the federal case. (#s 18-19; 22-23; 30 & 32). He was returned to state custody on June 14, 2024. *See* https://www.bop.gov/inmateloc/.

*se* Amended Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (#87) from the record in this cause and return them to Altschul with a copy of this order.

SIGNED at Beaumont, Texas, this 31st day of October, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE